# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
**V.**
DIANGELO KEITH JOHNSON

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:  17CR1213-LAB

KURT HERMANSEN, CJA
Defendant's Attorney

**FILED**

AUG 2 2 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**REGISTRATION NO.**   96690198

☐ -

THE DEFENDANT:
☐

☒  was found guilty on count(s)   ONE OF THE INDICTMENT
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 922(g)(1) | Felon in Possession of a Firearm | 1 |

The defendant is sentenced as provided in pages 2 through _____4_____ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____ is   dismissed on the motion of the United States.

☒  Assessment : $100.00
    –

☒  No fine     ☒  Forfeiture pursuant to order filed    8/21/2017    , included herein.
    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

August 21, 2017
Date of Imposition of Sentence

HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

17CR1213-LAB

| | | |
|---|---|---|
| DEFENDANT: | DIANGELO KEITH JOHNSON | Judgment - Page **2** of **4** |
| CASE NUMBER: | 17CR1213-LAB | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:

90 MONTHS

☐   Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒   The court makes the following recommendations to the Bureau of Prisons:
PARTICIPATE IN THE RESIDENTIAL DRUG ASSESSMENT PROGRAM.
FCI-LOMPOC DESIGNATION OR NEAR THE SOUTHERN DISTRICT.

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ A.M.     on _____

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   on or before

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
3 YEARS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 3 drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)

☐ The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| DEFENDANT: | DIANGELO KEITH JOHNSON | Judgment - Page **4** of **4** |
| CASE NUMBER: | 17CR1213-LAB | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition. (4TH AMENDMENT WAIVER)

2. Court will consider transferring supervision to another district.

3. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

4. Not possess any narcotic drug or controlled substance without a lawful medical prescription.

5. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

6. Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. The defendant shall be drug tested 3 times a month for one year as directed by the probation officer. The probation officer may modify testing or terminate after one year if no dirty tests are reported.

7. Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

8. Seek and maintain full time employment and/or schooling or a combination of both.

9. Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period up to 220 days (OPTIONAL).

10. Resolve all outstanding warrants within 60 days.

//



FILED

AUG 2 1 2017

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17cr1213-LAB |
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| DIANGELO KEITH JOHNSON, | |
| Defendant. | |

IT IS HEREBY ORDERED THAT:

1.      As the result of the guilty verdict returned by the jury on Count 1 of the Indictment, for which the Government sought forfeiture pursuant to Title 18 U.S.C. § 924(d)(1) and Title 28 U.S.C. § 2461(c), and the parties stipulating to forfeiture in the Waiver of Jury Trial Regarding Forfeiture (Doc. No. 26), Defendant DIANGELO KEITH JOHNSON ("Defendant") is hereby ordered to forfeit to the United States all rights, title and interest in the firearm and ammunition involved in the offense, as alleged in the Indictment.

2.      The Court has determined, based on the evidence already in the record, that the Defendant has an interest in the firearm and ammunition, and that the Government has established the requisite nexus between the **Ruger P91DC .40 caliber pistol, Serial No. 340-19636, and approximately eleven (11) rounds of .40 caliber ammunition**, and the offense of conviction.

1       3.    As a result of the offense in Count 1 of the Indictment, for which the

2  Defendant was convicted, the United States is now entitled to possession of the

3  firearm and ammunition, pursuant to Title 18 U.S.C. § 924(d)(1) and Title 28 U.S.C.

4  § 2461(c).

5       4.    Upon the entry of this Order, the United States is authorized to take

6  custody of the firearm and ammunition, and all right, title and interest of Defendant

7  DIANGELO KEITH JOHNSON in the Ruger P91DC .40 caliber pistol, Serial

8  No. 340-19636, and approximately eleven (11) rounds of .40 caliber ammunition are

9  hereby forfeited to the United States for disposition in accordance with the law,

10  subject to the provisions of 21 U.S.C. § 853(n).

11       5.    The United States submitted the Order herein to the Defendant through

12  his attorney of record to review, and no objections were received.

13       6.    Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized

14  to begin proceedings consistent with any statutory requirements pertaining to

15  ancillary hearings and rights of third parties.  The Court shall conduct ancillary

16  proceedings as the Court deems appropriate only upon the receipt of timely third-

17  party petitions filed with the Court and served upon the United States.  The Court

18  may determine any petition without the need for further hearings upon the receipt of

19  the Government's response to any petition.  The Court may enter an amended order

20  without further notice to the parties.

21       7.    Pursuant to the Attorney General's authority under Section 853(n)(1) of

22  Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the

23  Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,

24  the United States forthwith shall publish for thirty (30) consecutive days on the

25  Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of

26  the United States' intent to dispose of the forfeited properties in such manner as the

27  Attorney General may direct, and notice that any person, other than the Defendant,

28  having or claiming a legal interest in the forfeited properties must file a petition with

17cr1213

1 the Court within thirty (30) days of the final publication of notice or of receipt of
2 actual notice, whichever is earlier.

3   8.   This notice shall state that the petition shall be for a hearing to
4 adjudicate the validity of the petitioner's alleged interest in the forfeited property,
5 shall be signed by the petitioner under penalty of perjury, and shall set forth the
6 nature and extent of the petitioner's right, title or interest in the forfeited property and
7 any additional facts supporting the petitioner's claim and the relief sought.

8   9.   The United States shall also, to the extent practicable, provide direct
9 written notice to any person known to have alleged an interest in the forfeited
10 properties that is the subject of the Preliminary Order of Criminal Forfeiture.

11   10.   Upon adjudication of all third-party interests, this Court will enter an
12 Amended Order of Criminal Forfeiture pursuant to 21 U.S.C. § 853(n), in which all
13 interests will be addressed.

14   11.   Pursuant to Rule 32.2(b)(4), this Order of Criminal Forfeiture shall be
15 made final as to the Defendant at the time of sentencing and is part of the sentence
16 and included in the judgment.

17   IT IS SO ORDERED.
18   DATED: 8-21-17

*Larry A. Burns*

19
20   Hon. LARRY ALAN BURNS
   United States District Judge

21
22
23
24
25
26
27
28

3