# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>DIANGELO JOHNSON,<br><br>  Defendant. | Case Nos. 12-cr-00623-BAS-1<br>           17-cr-01213-BAS-1<br><br>**ORDER DENYING MOTION TO MODIFY OR CHANGE SENTENCE**<br><br>**(ECF No. 201 in No. 12-cr-0623)**<br>**(ECF No. 88 in No. 17-cr-1213)** |

Presently before the Court is Defendant DiAngelo Johnson's Motion to Modify or Change Sentence, which has been filed in both of Defendant's cases. Defendant asks the Court to "modify, change, or order that [he] serve the last 6-month duration of his sentence in a halfway house." (Mot.)

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825–26 (2010). A narrow exception, compassionate release, allows a court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant provides no such reasons for the Court to reduce his sentence.

As for Defendant's request to be placed in a halfway house, he must direct this request to the Bureau of Prisons. "While a [district court] judge has wide discretion in

determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984) (per curiam)).

Accordingly, the Court **DENIES** Defendant's Motion to Modify or Change Sentence, which is ECF No. 201 in Case No. 12-cr-0623 and ECF No. 88 in Case No. 17-cr-1213.

**IT IS SO ORDERED.**

**DATED: October 24, 2025**

*[signature]*

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**